**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

CENTRIFUGAL ACQUISITION CORP., INC.,
d/b/a Centrifugal Castings, a Delaware Corporation,

           Plaintiff,

           Case No. 09-C-327

    -vs-

ADRIAN A. MOON, BELINDA L. MOON,
BELINDA MOON, LLC, a Wisconsin limited
liability company, JEFFREY A. MOON,
JM CASTING CO., LLC, a Wisconsin limited liability
company, CENTRIFUGAL CASTING, LLC n/k/a
MOON INVESTMENTS, LLC, a Wisconsin limited
liability company, and BELINDA & ADRIAN, LLC, a
Wisconsin limited liability company,

           Defendants.

---

## DECISION AND ORDER

---

This diversity action is related to Centrifugal Acquisition Corporation, Inc.'s ("CAC") purchase of the assets (including trade secrets) of Centrifugal Casting, LLC n/k/a Moon Investments LLC ("Centrifugal LLC"). Among other forms of relief, CAC's 11-count complaint seeks an injunction prohibiting defendants from (1) engaging in business competitive with the manufacture and/or sale of battery terminals and components; (2) using or disclosing CAC's Proprietary Process and Confidential Business Information; and (3) soliciting CAC's suppliers, customers and/or prospective customers, including U.S. Battery-Augusta. Now before the Court are CAC's motions for expedited discovery and for

an order approving the deposit of escrow payments into a Court-controlled account. For the reasons that follow, these motions are granted.

## I. Expedited discovery

Fed. R. Civ. P. 26(d) provides: "Except in categories exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules *or by order* or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" (emphasis added). The time to meet and confer is still to come, so CAC may not commence discovery without consent of the defendants or an order from the Court. *See* Fed. R. Civ. P. 26(f)(1); Fed. R. Civ. P. 16(b)(2). When considering a request for expedited discovery in advance of the normal procedure, some cases apply a good cause or reasonableness test. *See Sheridan v. Oak Creek Mortgage, LLC*, 244 F.R.D. 520, 521 (E.D. Wis. 2007) (collecting cases). Other cases apply a more stringent test that mirrors the factors for issuing a preliminary injunction, known as the *Notaro* test. *See Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982). A third approach presumptively applies the reasonableness test "unless the circumstances are such that the *Notaro* factors apply." *Sheridan* at 522.

The Court finds that the *Notaro* factors should be applied in the instant case. *Notaro* recognized that "in some cases a plaintiff could need expedited discovery to speed relief." 95 F.R.D. at 405. However, *Notaro* also recognized that courts "must protect defendants from unfairly expedited discovery." 95 F.R.D. at 405. In *Notaro*, plaintiffs claimed that "without expedited discovery and the resulting earlier trial they [would] suffer irreparable

-2-

damage . . ." *Id.* Similarly, CAC wants to but cannot move for preliminary injunctive relief[1] because without discovery, CAC is unable to "present a proper preliminary injunction motion." In other words, CAC asserts that it will be subject to irreparable harm in the absence of expedited discovery. Accordingly, CAC must meet the stringent *Notaro* test.[2]

The *Notaro* factors are as follows: (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted. *Id.* at 405. According to the allegations in the verified complaint, CAC is faced with the continuing loss of regular business to defendant JM Casting Co., LLC ("JM Casting"). *See Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 22 F.3d 546, 552 (4th Cir. 1994) (threat of a permanent loss of customers to a competitor establishes irreparable injury). Importantly, JM Casting admits that it is filling orders for U.S. Battery and that defendant Belinda Moon purchased the JM Casting factory. These undisputed allegations demonstrate some probability of success on the merits.

There is a clear connection between the expedited discovery identified by CAC and the avoidance of irreparable injury. The discovery sought by CAC relates to the formation

---

[1] The lack of a pending motion for a preliminary injunction distinguishes this case from *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618 (N.D. Ill. 2000) and other cases wherein the reasonableness test was applied to a motion for expedited discovery. When "a plaintiff seeks expedited discovery in order to prepare for a preliminary injunction hearing, it does not make sense to use preliminary injunction analysis factors to determine the propriety of an expedited discovery request." *Id.* at 624.

[2] In *Sheridan*, this Court refused to apply *Notaro* but the circumstances of that case did not warrant its application. In *Sheridan*, plaintiff sought expedited discovery to obtain information relative to class certification.

-3-

of JM Casting and to the merits of defendants' position that they are not utilizing trade secrets. As noted above, without this information, CAC's attempts to obtain preliminary injunctive relief cannot get off the ground. Finally, defendants will not be prejudiced if discovery is expedited on a limited basis. Defendants assert that CAC's motion is a "thinly veiled attempt to procure by improper means privileged attorney-client material to which it is not entitled," but the areas of discovery identified by CAC's motion encompasses a broader range of information. Of course, defendants are free to assert the privilege (and any other privilege) as appropriate. The parties are encouraged to resolve any potential disagreements in this regard without court intervention.

## II.  Escrow deposit

In connection with its purchase of Centrifugal LLC's assets, CAC delivered a $1 million promissory note in favor of Centrifugal LLC, bearing interest at 7%, payable in equal monthly installments of $7,753 over ten (10) years. The outstanding principal balance is $870,635.71. Count XI of CAC's complaint seeks a declaration that "as a result of the material breaches of the Non-Competition Agreement, and based on the indemnity provisions of the Asset Purchase Agreement, CAC is excused from the performance of its future obligations to continue making monthly payments under the Note."

Instead of continuing to pay these monthly payments during the pendency of this litigation, CAC requests leave to deposit them into a Court-controlled interest-bearing escrow account. *See* Fed. R. Civ. P. 67(a); Civil L.R. 67.3(b) (E.D. Wis.). By declining to make future payments under the Note, CAC risks liability in its own right, but in that respect there

is no difference between CAC withholding payment or making deposits into a neutral account. Defendants are correct that Rule 67 does not provide a mechanism for compelling advance payment of a future or contingent liability, but that is not what CAC is asking for here.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. CAC's motion for expedited discovery [D. 15] is **GRANTED**; and

2. CAC's motion to escrow note payments [D. 13] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 6th day of May, 2009.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA
Chief Judge**