UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

CENTRIFUGAL ACQUISITION CORPORATION, INC.,
d/b/a Centrifugal Castings, a Delaware corporation,

        Plaintiff,        Case No. 09-cv-327

v.

ADRIAN A. MOON, BELINDA L. MOON, BELINDA
MOON, LLC, a Wisconsin limited liability company,
JEFFREY A. MOON, JM CASTING CO., LLC, a Wisconsin
limited liability company, CENTRIFUGAL CASTING, LLC
n/k/a MOON INVESTMENTS, LLC, a Wisconsin limited
liability company, BELINDA & ADRIAN, LLC, a Wisconsin
limited liability company, and U.S. Battery Mfg. Augusta,
Inc., d/b/a U.S. Battery Manufacturing Co.

        Defendants.

## STIPULATED PRELIMINARY INJUNCTION ORDER

Plaintiff, Centrifugal Acquisition Corp., Inc. ("CAC") and Defendants Adrian A. Moon, Belinda L. Moon, Belinda Moon, LLC, Centrifugal Casting, LLC, Belinda & Adrian, LLC, Jeffrey A. Moon and JM Casting Co, LLC (collectively, "Defendants" and individually, "Defendant"), by their respective undersigned counsel, hereby consent to the following Stipulated Preliminary Injunction Order against Defendants:

    A.    Plaintiff CAC is a Delaware Corporation with its principal place of business in Milwaukee, Wisconsin.

    B.    Defendants Adrian A. Moon and Belinda L. Moon are residents of Nevada. Defendants Centrifugal Casting, LLC ("Centrifugal LLC"), Belinda Moon, LLC and Belinda & Adrian, LLC are Wisconsin limited liability companies and each of their respective members are limited to: either Adrian Moon, Belinda Moon, or both Adrian Moon and Belinda Moon.

C.  Defendant Jeffrey A. Moon is a resident of Georgia. Defendant JM Casting, Co., LLC ("JM Casting") is a Wisconsin limited liability company with its principal place of business in Augusta, Georgia. Its sole member is Jeffrey A. Moon.

D.  On March 25, 2009, CAC filed its Verified Complaint for Injunctive and Other Relief in the above captioned lawsuit against the Defendants (the "Verified Complaint") alleging eleven causes of action arising from CAC's purchase of substantially all of the business assets of Centrifugal LLC and the subsequent formation, capitalization and operation of JM Casting utilizing trade secrets purchased in the transaction. The Verified Complaint as is relevant here, pleads causes of actions for misappropriation of trade secrets, breach of a certain non-competition agreement entered into between CAC on the one hand, and Adrian Moon, Belinda Moon and Centrifugal LLC on the other entered May 28, 2004, aiding and abetting, conspiracy, and tortious business interference.

E.  The trade secrets alleged to have been misappropriated by Defendants in the Verified Complaint consist of two types of proprietary information: (1) a specialized, multifaceted manufacturing process utilizing centrifugal rubber mold casting that produces superior quality lead battery terminals to tolerances within thousandths of an inch, including without limitation: off-size tooling used to produce re-usable rubber molds; certain "recipes," or formulae, consisting of part specific production variables (e.g., varying temperatures to heat the lead and differing speeds and durations of the spin during casting); part specific feeder systems that feed molten lead into the mold cavities; part specific venting systems that allow air in the molds to escape the molds during casting; the specific type of rubber used; and the skill and know how to apply the

2

specialized process to new parts requested by customers (e.g., to develop off-size tooling and devise new casting "recipes") (referred to herein as the "Proprietary Process"); and (2) certain confidential business information, including without limitation: customer lists and business records concerning past and potential customers; vendor lists; part pricing, costs, and profit margins; financial information, projections, and information concerning customers' needs and the like (the "Confidential Business Information").

  F. CAC filed its Motion for Preliminary Injunction on December 5, 2009, along with its Memorandum of Law and Fact in Support of Motion for Preliminary Injunction and Evidentiary Materials in Support of Motion for Preliminary Injunction (the "Motion for Preliminary Injunction") directed against Defendants and based upon the first through tenth causes of action in the Verified Complaint. The Motion for Preliminary Injunction seeks to restrain and enjoin the Defendants, *inter alia* from: directly or indirectly operating or assisting business competitive to CAC; any further use or disclosure of its protected trade secrets; assisting, aiding or abetting or conspiring with any other defendant to breach a certain non-competition agreement entered into by Adrian Moon and Belinda Moon; contacting any customer of CAC, including without limitation, U.S. Battery Mfg. Augusta, Inc., d/b/a U.S. Battery Manufacturing Co. ("U.S. Battery"); and interfering or doing business with any of CAC's suppliers, customers and/or prospective customers.

  G. Defendants agree that for the purposes of this Stipulated Preliminary Injunction Order, the terms Proprietary Process and Confidential Business Information are to be interpreted consistently with the definitions set forth herein and to the extent necessary as alleged in the Verified Complaint and/or as set forth in the Motion for Preliminary Injunction.

3

H. CAC and the Defendants (the "Parties"), by their respective counsel, have engaged in discussions to resolve CAC's Motion for Preliminary Injunction. To that end, the Parties hereby stipulate and agree that Defendants will not file any written opposition to CAC's Motion for Preliminary Injunction, but instead, Defendants will stipulate to entry of a preliminary injunction against them by way of this Stipulated Preliminary Injunction Order, effective December 31, 2009.

I. Based upon the agreement of the Parties, in order to obviate the need for any further preliminary injunction proceedings, and the Court being fully advised of the terms of this stipulation and agreement of the parties hereto, and for good cause shown as to the entry of this Stipulated Preliminary Injunction Order, IT IS HEREBY ORDERED THAT:

1. Effective December 31, 2009, Adrian A. Moon, Belinda L. Moon, Centrifugal LLC, Belinda Moon, LLC, Belinda & Adrian, LLC, Jeffrey A. Moon, and JM Casting, their officers, agents, servants, employees, managers, directors successors, assigns, parents, affiliates, subsidiaries, partners, attorneys, representatives, and any entity controlled by, or in which any of them have an interest in, and all persons, businesses and entities who are in active concert or participation with such persons or entities, until this case is heard on its merits at trial or is otherwise resolved and until further order of this Court, are preliminarily restrained and enjoined from directly or indirectly:

    a. Operating or in any way assisting a business competitive to that of CAC, including without limitation the leasing of property by Belinda Moon, LLC to Jeffrey Moon and utilized as JM Casting's operating facilities;

b. Further using and/or disclosing the Proprietary Process and/or Confidential Business Information, including without limitation the manufacture and sale of battery terminals by JM Casting;

c. Breaching, or assisting, aiding, abetting, or conspiring with any other Defendant to breach, any agreement between any Defendant and CAC, including without limitation that certain Non-Competition Agreement between CAC on the one hand, and Adrian Moon, Belinda Moon and Centrifugal LLC on the other entered May 28, 2004;

d. Contacting any customer and/or prospective customers of CAC, including, without limitation, U.S. Battery, with respect to any product manufactured or that could be manufactured by CAC using the Proprietary Process and/or Confidential Business Information; and

e. Interfering or doing business with any of CAC's suppliers, customers, and/or prospective customers as it relates to the manufacture and/or sale of battery terminals using the Proprietary Process, including without limitation U.S. Battery.

2. For the purposes of this Stipulated Preliminary Injunction Order only, and without prejudice to Defendants as to future proceedings in this case, the Court relies upon and incorporates herein the facts as set forth in CAC's Motion for Preliminary Injunction (Document Nos. 55, 56 and 57-60, respectively).

3. The execution and entry of this Stipulated Preliminary Injunction Order shall not constitute an admission of the facts set forth by CAC in its Motion for Preliminary Injunction, nor a waiver of any positions taken by Defendants in their pleadings to date. Further, Defendants' rights to dispute any issues of fact and law, and

to assert defenses in any future proceedings before the Court in this case, are not affected by this order.

The undersigned hereby consent to entry of this Stipulated Preliminary Injunction Order without further notice.

SO ORDERED this 30th day of December, 2009.

s/ Rudolph T. Randa<br>
Rudolph T. Randa<br>
United States District Judge

APPROVED AND AGREED TO BY:

s/   Daniel S. Klapman
Daniel S. Klapman
Frederic A. Mendelsohn
Attorneys for Plaintiff
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., 22nd Floor
Chicago, Illinois  60611
Telephone: (312) 840-7000
Facsimile: (312) 840-7900

s/   J. Brian King
J. Brian King, DC Bar Number:  474103
Attorney for Defendants Jeffrey A. Moon
and JM Casting Co., LLC
Donsbach & King, LLC
P.O. Box 212139
Martinez, Georgia  30917-2139
Telephone:  (706) 650-8750
Facsimile:  (706) 651-1399

s/  Thad W. Jelinske
Thad W. Jelinske
Attorney for Defendants Adrian A. Moon, Belinda Moon,
Belinda Moon, LLC, Centrifugal Casting, LLC n/k/a Moon
Investments, LLC, and Belinda & Adrian, LLC
Mawicke & Goisman, S.C.
1509 N. Prospect Avenue
Milwaukee, Wisconsin 53202
Telephone: (414) 224-0600
Facsimile: (414) 224-9359

6