# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

CENTRIFUGAL ACQUISITION CORP., INC.,
d/b/a Centrifugal Castings, a Delaware Corporation,

        Plaintiff,

                                  **Case No. 09-C-327**

        -vs-

ADRIAN A. MOON, BELINDA L. MOON,
BELINDA MOON, LLC, a Wisconsin limited
liability company, JEFFREY A. MOON,
JM CASTING CO., LLC, a Wisconsin limited liability
company, CENTRIFUGAL CASTING, LLC n/k/a
MOON INVESTMENTS, LLC, a Wisconsin limited
liability company, and BELINDA & ADRIAN, LLC, a
Wisconsin limited liability company,

        Defendants.

---

# DECISION AND ORDER

---

This diversity action, which relates to the plaintiff's (Centrifugal Acquisition Corporation, Inc., "CAC") purchase of the assets (including trade secrets) of Centrifugal Casting, LLC n/k/a Moon Investments LLC ("Centrifugal LLC"), comes before the Court on a variety of motions, which are addressed herein.

## I.    Resolved motions

CAC moves for a preliminary injunction [D. 55]. However, the parties entered a Stipulated Preliminary Injunction Order [D. 88]. Therefore, the Court will deny CAC's motion for injunctive relief without prejudice.

CAC moves for an extension of time to respond to the counterclaim of defendants Jeffrey A. Moon and JM Casting Co., LLC [D. 76]. This motion is moot because the counterclaim was voluntarily withdrawn [D. 84].

CAC moves for an order deeming certain portions of defendant Jeffrey Moon's deposition testimony as confidential [D. 43]. CAC alleges that Moon's deposition testimony reveals details of the Proprietary Process and certain Confidential Business Information that are the subject of the instant lawsuit. All of the defendants initially opposed this motion, but the motion was apparently resolved by the Stipulated Preliminary Injunction Order, which provides that the defendants are "preliminarily restrained and enjoined from directly or indirectly . . . using *and/or disclosing* the Proprietary Process and/or Confidential Business Information . . ." D. 88, ¶ I, 1b. The Court will deny the motion without prejudice.

## II. Belinda Moon and Belinda Moon LLC's motion for declaratory judgment

Defendants Belinda Moon and Belinda Moon, LLC move for a declaratory judgment. CAC moves to strike, claiming that the declaratory judgment motion is procedurally improper, but the motion to strike is, in and of itself, also procedurally improper. Motions to strike apply to pleadings, not motions. *See* Fed. R. Civ. P. 12(f) (court may "strike from *any pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter") (emphasis added); *Granger v. Gill Abstract Corp.*, 566 F. Supp. 2d 323, 334-35 (S.D.N.Y. 2008).

In any event, the motion to strike advances additional reasons to deny Belinda Moon's motion for a declaratory judgment. CAC is correct that the motion is procedurally improper

-2-

because there is no such thing as a motion for declaratory relief. "A party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment." *Kam-Ko Bio-Pharm Trading Co., Ltd. v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009) (emphases in original); 10B WRIGHT, MILLER & KANE, FED. PRACTICE AND PROCEDURE: CIVIL § 2768 (3d ed. 1998) ("the requirements of pleading and practice in actions for declaratory relief are exactly the same as in other civil actions"); Fed. R. Civ. P. 57 (Federal Rules of Civil Procedure govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201). Belinda Moon failed to include a request for declaratory relief in any of her pleadings. *See* Fed. R. Civ. P. 8(a)(3) (a pleading that states a claim for relief must contain "a demand for the relief sought"); Notes of Advisory Committee on Federal Rules of Civil Procedure, Rule 57 ("The demand for relief shall state with precision the declaratory judgment relief"). This means that her pleading failed to state an actionable claim for declaratory relief. *See Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1155 (5th Cir. 1992) (to obtain a declaratory judgment, "a party must make his request for such relief in his pleadings").

Even if the Court were to overlook these pleading deficiencies, Belinda Moon's motion for declaratory relief is merely a request for summary judgment that must be denied due to the existence of material factual disputes. *See Kam-Ko Bio-Pharm*, 560 F.3d at 943 ("the only way plaintiffs' motion can be construed as being consistent with the Federal Rules is to construe it as a motion for summary judgment on an action for a declaratory judgment"). Belinda Moon seeks a declaratory judgment that the covenant not to compete in the Asset

Case 2:09-cv-00327-RTR   Filed 01/14/10   Page 3 of 6   Document 89

Purchase Agreement is unenforceable against her for lack of consideration, and also a declaratory judgment that the APA is unenforceable against Belinda Moon LLC since that entity was not a party to the APA. However, CAC responds with evidence that Belinda Moon did receive consideration pursuant to the APA. Moreover, CAC is not attempting to hold Belinda Moon LLC liable as a party to the APA, but only as a third party conspirator, aider and abettor. Accordingly, there is no justiciable controversy regarding whether the APA is enforceable against Belinda Moon LLC. *See Wisconsin Cent., Ltd. v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008) ("the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment") (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)).

## III. Documents under seal

CAC moves to file certain exhibits under seal. The "public's right of access to court proceedings and documents is well-established." *Grove Fresh Distribs., Inc. v. Ever-fresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994). Documents that "influence or underpin [a] judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002). When confronted with documents submitted under seal, the Court "must determine what parts of the [record] contain material that ought, upon a neutral balancing of the relevant interests, be kept out of the public

-4-

record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir 1999).

The sealed exhibits were filed in connection with CAC's now-defunct motion for a preliminary injunction: Exhibit 10 (Affidavit of key vendor); Exhibit 11 (Jeffrey Moon deposition transcript); Exhibit 21 (DVD of CAC's inspection of JM Casting's Augusta Property); Exhibits 28, 33, 34 (pictures taken during CAC's inspection of the August Property). Upon an *in camera* review of these exhibits, the Court finds that it is necessary to keep Exhibits 10, 21, 33 and 34 under seal to protect the trade secrets and confidential business information that are the subject of this lawsuit. However, the deposition transcript of Jeffrey Moon (Exhibit 11) is extremely long and, as a result, contains a great deal of routine, non-sensitive information. Therefore, the Court will direct CAC to submit a redacted version of Exhibit 11.

Finally, as a matter of clarification, on December 14 the Court adopted the parties' stipulation to place D. 68 and D. 68-1 under seal. Redacted versions of these documents were publicly filed. The unredacted versions contain confidential information, and the interest in confidentiality outweighs the public's interest in the proceedings of this case. Therefore, the unredacted versions will be kept under seal.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1.      CAC's motion for a preliminary injunction [D. 55] is **DENIED** without prejudice;

-5-

2.    CAC's motion for an extension of time [D. 76] is **DENIED** as moot;

3.    CAC's motion to deem portions of Jeffrey Moon's deposition as confidential [D. 43] is **DENIED** without prejudice;

4.    Belinda Moon's motion for a declaratory judgment [D. 41] is **DENIED**;

5.    CAC's motion to strike [D. 46] is **DENIED**;

6.    CAC's motion to file certain exhibits under seal [D. 61] is **GRANTED-IN-PART** and **DENIED-IN-PART**, consistent with the foregoing opinion; and

7.    CAC should publicly file a redacted version of Jeffrey Moon's deposition transcript (Exhibit 11 to CAC's motion for a preliminary injunction) on or before **February 5, 2010**.  If a redacted version is not filed on or before that date, the Clerk of Court will unseal the document that was presented in Chambers for the Court's *in camera* review.

Dated at Milwaukee, Wisconsin, this 14th day of January, 2010.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

-6-