# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CENTRIFUGAL ACQUISITION CORP., INC.,**
d/b/a Centrifugal Castings, a Delaware Corporation,

Plaintiff,

Case No. 09-C-327

-vs-

**ADRIAN A. MOON, BELINDA L. MOON,
BELINDA MOON, LLC,** a Wisconsin limited
liability company, **JEFFREY A. MOON,
JM CASTING CO., LLC,** a Wisconsin limited liability
company, **CENTRIFUGAL CASTING, LLC n/k/a
MOON INVESTMENTS, LLC,** a Wisconsin limited
liability company, and **BELINDA & ADRIAN, LLC,** a
Wisconsin limited liability company,

Defendants.

## DECISION AND ORDER

This diversity action relates to Centrifugal Acquisition Corporation, Inc.'s ("CAC") purchase of the assets (including trade secrets) of Centrifugal Casting, LLC n/k/a Moon Investments LLC ("Centrifugal LLC"). CAC alleges, in pertinent part, that defendants Adrian Moon, Belinda L. Moon, and Centrifugal LLC (the "ABC Defendants") misappropriated trade secrets, breached their non-competition agreement, and tortiously interfered with CAC's business, principally by setting up a competing business (JM Casting) to be operated by and through their son, co-defendant Jeffrey Moon.

Now before the Court are cross-motions relating to CAC's requests for admission. CAC served its requests on November 16, 2009, making the answers due December 16. Fed.

R. Civ. P. 36(a)(3) ("The matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . ."). The ABC Defendants did not respond until December 23. On January 19, CAC moved to deem their requests to admit admitted. On February 9, the ABC Defendants moved to withdraw the default admissions. For the reasons that follow, the requests are deemed admitted.

Rule 36 provides that a party may "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters" relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). When a party fails to timely respond, the matter is deemed admitted. Fed. R. Civ. P. 36(a)(3). A matter deemed admitted under Rule 36 "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. . . . [T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). CAC does not argue that it would be prejudiced if the admissions are withdrawn. Therefore, the Court will focus on the "presentation of the merits" portion of the rule.

In considering whether allowing the withdrawal of admissions would promote the presentation of the merits, the Court may consider a variety of factors including, as relevant here, whether the admissions are contrary to the record of the case, and whether the effect of upholding the admissions would be to practically eliminate any presentation of the merits.

*Ropfogel v. United States*, 138 F.R.D. 579, 583 (D. Kan. 1991); *see also Baker v. Potter*, 212 F.R.D. 8, 12 (D.D.C. 2002) ("withdrawal is permissible if a party demonstrates that withdrawal will serve the presentation of the merits without prejudicing the party who requested the admissions"). The party who obtained the admissions (CAC) bears the burden with respect to prejudice, but those seeking to withdraw the admissions (the ABC Defendants) bear the burden of demonstrating that the merits will be "subserved or facilitated by ordering the withdrawal of the admissions." *Ropfogel* at 582.

The ABC Defendants cite a series of admissions that are at odds with their answers to CAC's verified complaint. However, these admissions are supported by evidence in the record. For example, by failing to timely respond to CAC's requests to admit, the ABC Defendants admitted that they discussed, knew about, and paid for the organization of Jeffrey Moon's company, JM Casting. This admission is supported by Jeffrey Moon's deposition testimony and corroborated by a third-party vendor (the "D.K. Affidavit"). Adrian and Belinda Moon further admitted that they helped Jeffrey Moon obtain the necessary equipment, knowledge and ability to operate JM Casting. These admissions are supported by evidence that Adrian and Belinda Moon purchased a plant for Jeffrey Moon to house JM Casting's facilities in Augusta, Georgia, a plant which is substantially identical to CAC's plant in Milwaukee. This facility is only eight miles from U.S. Battery, a key CAC customer. Jeffrey Moon also testified that he received equipment from Adrian Moon free of charge, and that Adrian Moon taught him how to cast battery terminals.

The ABC Defendants argue that if they can't withdraw their admissions, they would be effectively prevented from defending against CAC's claims on the merits. The ABC Defendants fail to demonstrate that they will be completely unable to mount any sort of defense against CAC's claims. Even taking this argument at face value, withdrawal will not subserve the merits because the admissions are consistent with the evidentiary record already established. While the ABC Defendants may have difficulty defending the merits, this is not because of their inadvertent admissions, but because their purported defenses appear to lack substantive merit. *See United States v. Golden Acres, Inc.*, 684 F. Supp. 96, 99 (D. Del. 1988) ("even if we allowed the withdrawal of the admissions, the record in this case indicates strongly that the facts in question, if plaintiff were put to the test to prove them, would be easily proved"); *Branch Banking and Trust*, 120 F.R.D. at 659 ("there is no affidavit, verified pleading, or other evidence at bar to suggest the admission, if left standing, would render an unjust result under the law").

The ABC Defendants claim that it is unfair to lock them into their admissions when discovery is not complete. "It is self-serving for CAC to contend that the deemed admissions are not contrary to the record in this case, when there is still one-half year available to develop that record." D. 108, Reply at 5. The Court allowed expedited discovery in this case based upon a strong initial showing that CAC was likely to succeed on the merits. The subsequent filings in this case are voluminous. The evidence against the defendants is overwhelming. Aside from self-serving denials, there is nothing to suggest that further discovery on these issues will be to the contrary. CAC has expended a great deal of time and

-4-

energy pursuing their claims. The ABC Defendants should not be allowed to avoid the inevitable at further expense to CAC. "Because the language of [Rule 36] is permissive, the court is not required to make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the rule. Vesting such power in the district court is essential for Rule 36 admissions effectively to narrow issues and speed the resolution of claims." *Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983) (abrogated on other grounds). The admissions will stand.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. CAC's motion to deem admitted requests to admit served upon the ABC Defendants [D. 90] is **GRANTED**; and

2. The ABC Defendants' motion to withdraw admissions [D. 101] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of April, 2010.

                **SO ORDERED,**

                *s/ Rudolph T. Randa*
                **HON. RUDOLPH T. RANDA**
                **U.S. District Judge**