**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

CENTRIFUGAL ACQUISITION CORP., INC.,
d/b/a Centrifugal Castings, a Delaware Corporation,

            Plaintiff,

    -vs-                                              Case No. 09-C-327

JEFFREY A. MOON, JM CASTING CO., LLC, et al.,

            Defendants.

## DECISION AND ORDER

Counsel for the defendants, Jeffrey A. Moon and JM Casting Co., LLC (the JM Defendants), move for leave to withdraw from this case without immediate substitution of counsel. Defense counsel seeks withdrawal because they are currently owed over $43,000 of unpaid costs, and they have reason to believe that they will not be paid for future defense costs which are expected to be substantial. In addition, defense counsel represents that "other good cause for withdrawal" exists, but cannot disclose the precise justification without violating client confidences.

The nonpayment of legal fees is a sufficient justification for withdrawal in a civil case. Wisconsin Supreme Court Rule 20:1.16(b)(5) (lawyer may withdraw if the representation will result in an unreasonable financial burden on the lawyer). Still, the Rules of Professional Conduct for Attorneys "foresee the exercise of judicial discretion by requiring counsel to continue representation if ordered to do so." *State ex rel. Dressler v. Cir. Ct. of*

*Racine Cty.*, 472 N.W.2d 532, 536 (Wis. App. Ct. 1991). Courts examine a variety of factors in deciding a motion to withdraw, including (1) the reason why withdrawal is sought; (2) whether withdrawal will prejudice the parties; (3) whether withdrawal will interfere with the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Taylor v. Stewart*, 20 F. Supp. 2d 882, 883 (E.D. Pa. 1998); *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996).

On February 7, the parties simultaneously filed cross-motions for summary judgment, the briefing for which is now suspended by order of the Court. The resolution of these motions, and the resolution of CAC's claims against the JM Defendants, will likely be delayed if counsel is allowed to withdraw. Even so, CAC agreed to extend the dispositive motion deadline multiple times over the course of this litigation. Also, the JM Defendants are currently restrained from competing against CAC pursuant to a stipulated preliminary injunction order in effect since December 30, 2009. Mere delay in the plaintiff's pursuit of money damages is an insufficient justification to force defense counsel into providing what amounts to *pro bono* legal representation. "Whether delay would be prejudicial (as opposed to annoying) is open to question; prejudgment interest is available, and no one contends that [the defendants] would use additional time to dispose of resources that could be used to satisfy any judgment." *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002).

CAC also requests the imposition of sanctions against the JM Defendants' withdrawing counsel pursuant to 28 U.S.C. § 1927, which provides that an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Courts may impose § 1927 sanctions under the following circumstances: (1) when an attorney acts in an "objectively unreasonable manner" by engaging in "serious and studied disregard for the orderly process of justice"; (2) when an attorney pursues a claim that is "without legal or factual basis and lacking in justification"; or (3) when an attorney "pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006).

CAC argues that withdrawing counsel acted in an objectively unreasonable manner by undertaking to "file a motion for summary judgment knowing both that CAC also intended to file a comprehensive motion for summary judgment and that their clients did not possess the means with which to pay their fees on a going forward basis." CAC's Emergency Motion to Enforce Dispositive Motion Briefing Schedule, D. 143, ¶ 13. CAC observes that Jeffrey Moon filed for bankruptcy back in 2006, and of course JM Castings' source of revenue was cut off even before withdrawing counsel appeared[1] in this case by virtue of the stipulated preliminary injunction. Essentially, CAC argues that withdrawing

---

[1] This is the JM Defendants' second set of attorneys.

counsel should not have undertook to represent the JM Defendants because counsel knew or should have known that the JM Defendants could not afford their services. CAC conflates the distinction between the ability to pay and the refusal to pay. In either event, CAC's argument overreaches. It was not objectively unreasonable for removing counsel to vigorously pursue the JM Defendants' interests simply because of the risk that the JM Defendants would eventually refuse to pay their fees. That risk is present in every single case that passes through these chambers.

Accordingly, the JM Defendants' current counsel will be allowed to withdraw, and the Court will not impose sanctions pursuant to § 1927. Because JM Castings cannot appear *pro se* in federal court without counsel, *United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008), this matter must be stayed for a period of time for JM Castings to procure a new attorney.

**IT IS HEREBY ORDERED THAT**:

1. The motion for leave to withdraw [D. 141] is **GRANTED**;

2. The JM Defendants' motion to stay the deadlines in this case [D. 145] is **GRANTED**;

3. This matter is **STAYED** for a period of 60 days. Upon the expiration of this time period, it is expected that the JM Defendants will be able to appear in this case represented by counsel;

4. All of the current deadlines in this case (including the discovery deadlines) are **VACATED**; and

5. CAC's emergency motion to enforce the dispositive motion briefing schedule and for sanctions [D. 143] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of March, 2011.

**BY THE COURT:**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**