**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

CENTRIFUGAL ACQUISITION CORP., INC.,
d/b/a Centrifugal Castings, a Delaware Corporation,

                  Plaintiff,

                  Case No. 09-C-327

  -vs-

ADRIAN A. MOON, BELINDA L. MOON,
BELINDA MOON, LLC, a Wisconsin limited
liability company, JEFFREY A. MOON,
JM CASTING CO., LLC, a Wisconsin limited liability
company, CENTRIFUGAL CASTING, LLC n/k/a
MOON INVESTMENTS, LLC, a Wisconsin limited
liability company, and BELINDA & ADRIAN, LLC, a
Wisconsin limited liability company, and U.S. BATTERY
MFG. AUGUSTA, INC. d/b/a U.S. BATTERY
MANUFACTURING, CO., a Georgia corporation,
J. BENNETT MULLINAX, NEAL P. PIEROTTI, and
DAVID KAPPOS, Director of the United States
Patent and Trademark Office,

                  Defendants.

## DECISION AND ORDER

On February 28, the Court granted Centrifugal Acquisition Corporation, Inc's ("CAC") Emergency Motion to file a petition for a writ of mandamus and supplemental claim for declaratory judgment against existing and additional parties. The mandamus petition is brought against David Kappos, Director of the United States Patent and Trademark Office ("USPTO"). CAC now moves for a temporary restraining order directing Director Kappos to immediately stop, prevent, and otherwise avoid publication by the USPTO of a

patent application filed by Jeffrey Moon and JM Casting Co., LLC (the JM Defendants). According to CAC, there is "next to no question" that the patent application contains, describes, discloses and/or is based on the Proprietary Process that the Court already found to be a protectable trade secret.

The districts courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The remedy of mandamus is "a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). Consequently, courts grant mandamus relief only where the plaintiff demonstrates: (1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available. *Iddir v. I.N.S.*, 301 F.3d 492, 499 (7th Cir. 2002). The appropriateness of mandamus relief "turns on the existence of a clear right in the plaintiff to demand the performance by the defendant of a plainly defined, peremptory, and ministerial duty, and the lack of an adequate remedy other than mandamus." *Vishnevsky v. United States*, 581 F.2d 1249, 1253 (7th Cir. 1978).

CAC argues that Director Kappos has a duty to refrain from publishing trade secrets pursuant to 18 U.S.C. § 1905. Under this statute, contained in the United States Criminal Code, "Whoever, being an officer or employee of the United States or any department or agency thereof . . . publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties . . . which information concerns or relates to the *trade secrets*, processes,

operations, style of work, . . . of any person, firm, partnership, corporation, or association . . . shall be fined under this title, or imprisoned not more than one year, or both; and shall be removed from office or employment" (emphasis added).

Section 1905 does not create a ministerial duty. "Where the duty in a particular situation is so plainly prescribed as to be free from doubt and *equivalent to a positive command*, it is regarded as being so far ministerial that its performance may be compelled by mandamus, unless there be provision or implication to the contrary." *Wilbur v. United States*, 281 U.S. 206, 218 (1930) (emphasis added). Section 1905 is not "equivalent to a positive command" directing government officials to refrain from divulging trade secrets. To the contrary, it merely provides that if trade secrets are published, the government official who publishes those trade secrets may be subject to criminal prosecution. The discretionary nature of the Director's duty is driven home by the applicable regulation, which provides that the USPTO "*may* refuse to publish an application . . . if publication of the application or portion thereof would violate Federal or state law, or if the application or portion thereof contains offensive or disparaging material." 37 C.F.R. § 1.211(d) (emphasis added). Thus, the statutory and regulatory scheme which governs the publication of patent applications specifically contemplates the exercise of discretion in this regard. "[W]here the duty is not thus plainly prescribed, but depends upon a statute or statutes the construction or application of which is not free from doubt, it is regarded as involving the character of judgment or discretion which cannot be controlled by mandamus." *Wilbur* at 219.

CAC's petition amounts to a request for a Court order directing that a government official must obey the law. This is not enough to issue a mandamus petition. Accordingly, CAC cannot demonstrate that it is likely to succeed on the merits of its petition. *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). CAC's motion for a temporary restraining order [ECF No. 221] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of February, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**