# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CENTRIFUGAL ACQUISITION CORP., INC.,**
**d/b/a Centrifugal Castings, a Delaware Corporation,**

                Plaintiff,

                                                         **Case No. 09-C-327**

    **-vs-**

**ADRIAN A. MOON, BELINDA L. MOON,**
**BELINDA MOON, LLC, a Wisconsin limited**
**liability company, JEFFREY A. MOON,**
**JM CASTING CO., LLC, a Wisconsin limited liability**
**company, CENTRIFUGAL CASTING, LLC n/k/a**
**MOON INVESTMENTS, LLC, a Wisconsin limited**
**liability company, and BELINDA & ADRIAN, LLC, a**
**Wisconsin limited liability company, and U.S. BATTERY**
**MFG. AUGUSTA, INC. d/b/a U.S. BATTERY**
**MANUFACTURING, CO., a Georgia corporation,**
**J. BENNETT MULLINAX, NEAL P. PIEROTTI, and**
**DAVID KAPPOS, Director of the United States**
**Patent and Trademark Office,**

                Defendants.

# DECISION AND ORDER

On March 7, the court issued an order directing Centrifugal Acquisition Corporation, Inc. ("CAC") and the JM Defendants (Jeffrey Moon and JM Casting, LLC) to file suggestions for individuals to act as a special master for the purpose of assisting the Court in determining the extent to which United States Patent Application Serial Number 12/925,329 (and the continuation patent application claiming benefit to the parent, Serial Number 12/412-301) impinges upon the Proprietary Process which this Court found to be

a trade secret. CAC provided a list of three names, all of whom are former federal district court judges with experience in patent litigation, in addition to experience working with (and as) special masters in patent litigation. The JM Defendants suggested one person, Richard D. Grauer, an adjunct professor of patent litigation at the University of Michigan who also has experience as a special master in patent litigation. Grauer's hourly rate is much lower than the three names suggested by CAC. Since cost is an issue for the JM Defendants, and since CAC does not object to his qualifications, the Court will appoint Grauer to serve as a special master in this case. Fed. R. Civ. P. 53.

Also before the Court is CAC's motion for an order reducing the amount of security to be posted in support of the Court's March 5 injunction. Federal Rule of Civil Procedure 65(c) provides that the Court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Pursuant to the Court's injunction, the JM Defendants were ordered to take certain steps which will "effectively stop publication of the patent publication, while reserving the possibility of resuming the prosecution of the patent if this Court in the future finds that it does not contain trade secrets which CAC acquired." ECF No. 240, March 5, 2012 Decision and Order. Therefore, the only harm which can flow from a wrongfully-issued injunction is the cost incurred by the JM Defendants for pursuing these procedures, i.e., the cost of filing a continuation application ($530) with the PTO pursuant to 37 C.F.R. § 1.53(b). CAC must post bond in this amount.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Richard D. Grauer, MSE, JD, is **APPOINTED** special master in this case to assist the Court in determining the extent to which United States Patent Application Serial Number 12/925,329 (and the continuation patent application claiming benefit to the parent, Serial Number 12/412-301) impinges upon the Proprietary Process which this Court found to be a trade secret;

2. Within **ten (10)** days of the date of this Order, CAC and the JM Defendants **MUST** submit, for the Court's approval, an appointing order which covers the topics listed in Fed. R. Civ. P. 53(b)(2)(A)-(E), as necessary. The proposed order should also include a schedule for the master's work, such that he completes his task with "all reasonable diligence." Fed. R. Civ. P. 52(b)(2).

3. Within **ten (10)** days of the date of this Order, CAC and the JM Defendants **MUST** file an affidavit executed by Dr. Grauer stating whether there is any ground for disqualification under 28 U.S.C. § 455, and if a ground is disclosed, a waiver of disqualification. Fed. R. Civ. P. 53(b)(3)(A)-(B);

4. Before the special master begins his work, the JM Defendants **MUST** post bond in an amount sufficient to ensure payment of their share of the special master's expected fees. CAC and the JM Defendants should confer accordingly. The Court invites briefing on this subject if the parties cannot reach an agreement. Dr. Grauer shall be compensated at the rate of **$475/hour**; and

5. Within **ten (10)** days of the date of this Order, CAC should give security with respect to the Court's injunction [ECF No. 240] by depositing **$530** with the Clerk of Court in the form of a cashier's check or other certified funds.

Dated at Milwaukee, Wisconsin, this 26th day of March, 2012.

                                                **BY THE COURT**:

                                                _____
                                                **HON. RUDOLPH T. RANDA**
                                                **U.S. District Judge**