# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CENTRIFUGAL ACQUISITION CORP., INC.,
d/b/a Centrifugal Castings, a Delaware Corporation,

          Plaintiff,

    -vs-                                   Case No. 09-C-327

ADRIAN A. MOON, BELINDA L. MOON,
BELINDA MOON, LLC, a Wisconsin limited
liability company, JEFFREY A. MOON,
JM CASTING CO., LLC, a Wisconsin limited liability
company, CENTRIFUGAL CASTING, LLC n/k/a
MOON INVESTMENTS, LLC, a Wisconsin limited
liability company, and BELINDA & ADRIAN, LLC, a
Wisconsin limited liability company, and U.S. BATTERY
MFG. AUGUSTA, INC. d/b/a U.S. BATTERY
MANUFACTURING, CO., a Georgia corporation,
J. BENNETT MULLINAX, NEAL P. PIEROTTI, and
DAVID KAPPOS, Director of the United States
Patent and Trademark Office,

          Defendants.

# DECISION AND ORDER

      Pursuant to the Court's order dated January 29, 2013, counsel for Centrifugal Acquisition Corporation ("CAC") submitted a proposed final judgment. The Court will direct the Clerk to enter judgment, with the following caveat: Paragraph thirty states that the Court "retains jurisdiction over the interpretation, enforcement and implementation of this Order." The Clerk should strike this paragraph from the judgment. A district judge "cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction to enforce the parties'

settlement that led to the dismissal with prejudice." *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006).

Also, paragraph 29 refers to Federal Rule of Civil Procedure 54(b), which provides that the Court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Rule 54(b) judgments are generally disfavored, but this type of judgment is appropriate in the instant case. Aside from CAC's claims against Jeffrey Moon and JM Casting, LLC, all of the other claims in this case have either settled or become moot. Those that settled (Adrian Moon, Belinda Moon, Belinda Moon, LLC, Belinda & Adrian, LLC, and U.S. Battery) entered into consent decrees and waived their rights to appeal. Accordingly, there is no just reason for delay in entering judgment with respect to the JM Defendants.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. CAC's motion for contempt [ECF No. 232] is **DENIED** as moot;

2. Counsel for the JM Defendants' motion to withdraw [ECF Nos. 280, 288, 289] is **GRANTED**; and

3. The Clerk of Court is directed to enter judgment [ECF No. 307-1], incorporating the change explained in this Order.

Dated at Milwaukee, Wisconsin, this 14th day of February, 2013.

                                        **BY THE COURT**:

                                        */s/ Rudolph T. Randa*
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**